UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALAN J. VEYS, et al., | ) |
| Plaintiffs, | ) 1:10-cv-0003 JWS |
| vs. | ) ORDER AND OPINION |
| JEROME FISCHER, et al., | ) [Re: Motion at Docket 20] |
| Defendants. | ) |
| JEROME FISCHER, et al., | ) |
| Third-Party Plaintiffs, | ) |
| vs. | ) |
| P. MICHAEL LONG, et al., | ) |
| Third-Party Defendants. | ) |

## I. MOTION PRESENTED

At docket 20, defendants Jerome Fischer, Stewart L. Hayes, and Fischer Hayes & Associates, P.C., move to transfer this matter from the District of Alaska to the District of Oregon pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1404(a). At docket 33, plaintiffs Alan J. Veys and Alan J. Veys Properties, LLC, oppose the motion. Defendants reply at docket 42. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

Alan Veys resides on Admiralty Island, Alaska, and is the sole member of Alan J. Veys Properties, LLC ("Veys Properties"), a Washington corporation. Mr. Veys and Veys Properties owned a fishing lodge on Admiralty Island called the Pybus Point Lodge ("the Lodge"). Lone Eagle Resorts, Inc., a company owned by Mr. Veys, operated the Lodge's resort and fishing business.

Jerome Fischer and Stewart Hayes, who reside in Oregon, and Fischer Hayes and Associates, P.C. ("FH&A"), an Oregon corporation, provided accounting and business consulting services including bookkeeping, tax preparation, and payroll services, to Veys and Veys Properties for almost 20 years. FH&A sometimes accrued up to $12,500 per year in professional fees for services provided to Mr. Veys and his companies. Mr. Veys frequently paid for those services by providing Mr. Fischer trips to the Lodge. During Mr. Fischer's trips to the Lodge, Mr. Veys and Mr. Fischer discussed Mr. Veys' business problems. FH&A provided consulting services to Mr. Veys concerning the sale of the Lodge.

In May 2010, Mr. Veys and Veys Properties filed a complaint against Fischer, Hayes, and FH&A, alleging claims of negligence, breach of fiduciary duty, negligent misrepresentation, intentional misrepresentation, and breach of contract. The complaint alleges that defendants failed to use reasonable care in delivering accounting services to Veys and his companies. Most of the claims specifically concern an income tax plan called "The Method," which defendants sold to Veys for approximately $50,000. The Method was designed to minimize taxes on the gain from the sale of the Lodge. The complaint alleges that "The Method" was improper, ineffective, and possibly illegal. The complaint further alleges that defendants failed to competently advise plaintiffs in negotiating the purchase and sale agreement for the Lodge. Plaintiffs allege that defendants failed to provide financial information required by the purchase and sale agreement, which resulted in a law suit filed by the purchasers of the Lodge against Mr. Veys in Wyoming. The complaint also alleges that defendants failed to provide discovery requested in that lawsuit.

On August 13, 2010, defendants filed a third-party complaint against P. Michael Long, Pybus Point Lodge, LLC, Lone Eagle Resorts, Inc., Don W. Riske, Salisbury & Kelly, P.C. f/k/a Riske & Salisbury, P.C.[1] Defendants subsequently filed a motion to transfer venue to Oregon.[2] J. Michel Long, an attorney who practices in Washington, filed an answer to the third-party complaint and joined defendant's motion to transfer venue to Oregon.[3] None of the other third-party defendants have appeared in this action.

### III. DISCUSSION

Defendants first contend that Alaska is an improper venue for this action. Because subject matter jurisdiction is founded solely on diversity of citizenship, venue in this matter is governed by 28 U.S.C. § 1391(a). Pursuant to § 1391(a), a civil action in which jurisdiction is founded on diversity may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

"The overriding purpose of § 1391(a) is to further the convenience of the parties."[4]

Under clause (1), venue is improper in Alaska because none of the defendants or third-party defendants who have appeared in this action reside in Alaska. All of the defendants reside in Oregon, and third-party defendant Long purportedly resides in Washington. Subsection (3) does not apply because this action could be brought in Oregon.

Defendants argue that venue in Alaska is also improper under subsection (2) because "the majority of the acts or events leading to the claims herein come from work

---

[1] Doc. 16.

[2] Doc. 20.

[3] Doc. 40.

[4] *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 841 (9th Cir. 1986).

-3-

performed in Oregon, or allegedly not performed from Oregon."[5] "The place where the 'claim arose' for venue purposes is governed by federal law."[6] Under federal law, "venue is proper 'in any district in which a substantial part of the acts, events, or omissions occurred that gave rise to the claim for relief.'"[7]

Plaintiffs argue that venue is proper in Alaska because all of the defendants came to Alaska to conduct business or provide services, defendants directed their accounting and business services to plaintiffs in Alaska, defendants regularly traveled to Juneau and to the Lodge on Admiralty Island to provide services and receive remuneration in the form of complimentary fishing trips at the Lodge, and the injury plaintiff suffered from "The Method" and the failed sale of the Lodge occurred in Alaska. In a tort action, "the locus of the injury" is a relevant factor in determining substantiality of the events or omissions.[8] Because a substantial part of the acts, events, and injuries that gave rise to the claim for relief occurred in Alaska, the court concludes that Alaska is an appropriate venue for this action.

Defendants next move to transfer this matter to the District of Oregon pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'"[9] A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in determining whether transfer is appropriate, including:

---

[5] Doc. 20 at p. 7.

[6] *Sutain v. Shapiro and Lieberman*, 678 F.2d 115, 117 (9th Cir. 1982).

[7] *Id.* (citing *Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078, 1080 (9th Cir. 1976)).

[8] *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001) (citing with approval *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867-68 (2nd Cir. 1992)).

[9] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

-4-

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.[10]

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."[11]

Defendants argue that the convenience of the parties and the witnesses to this litigation favors transfer of venue to Oregon. Plaintiffs contend that on balance change of venue is not warranted under § 1404(a) because "[p]laintiffs' choice of venue is entitled to substantial weight and none of the other relevant factors point to Oregon as a preferred venue."[12] The court concurs.

First, it appears that the relevant documents, including "The Method" and the purchase sale agreement, were negotiated and executed in part in both Alaska and Oregon. For example, Mr. Fischer reviewed drafts of the purchase and sale agreement in Oregon, and Mr. Veys executed the final purchase and sale agreement in Alaska. Mr. Hayes discussed tax strategies, including "The Method," with Mr. Veys while in Alaska, but performed work on "The Method" in Oregon. Similarly, the second factor favors neither Alaska nor Oregon because it is unclear at this point in the litigation whether the law of Alaska, Oregon, or Washington will apply.

The third factor, plaintiffs' choice in forum, favors Alaska. The fourth factor, the parties' contacts with the forum, also favors Alaska because plaintiffs provide evidence that defendants traveled to Alaska to conduct business with plaintiffs, but defendants fail to provide any evidence that plaintiffs traveled to Oregon to conduct business with defendants. As for the contacts relating to plaintiffs' cause of action in the chosen forum, the court concludes that this factor slightly favors Alaska. The alleged wrongful

---

[10]*Id.* at 498-499.

[11]*Decker Coal Co.*, 805 F.2d at 843.

[12]Doc. 33 at p. 22.

Case 1:10-cv-00003-JWS   Document 44   Filed 11/17/10   Page 5 of 6

acts occurred in both Oregon and in Alaska. For example, while defendants provided services to Mr. Veys and his companies primarily from their Oregon offices, defendants also traveled to Alaska several times a year to discuss business with Mr. Veys. In addition, the injuries to Mr. Veys and his companies were sustained in Alaska.

As to differences of the costs of litigation in Alaska and Oregon, the parties agree that the most significant costs involve obtaining and transporting witnesses. Based on the evidence currently before the court, it appears that a few more of the likely witnesses in this action reside in the Lower 48 than in Alaska. However, this slight difference is made even more negligible given the fact that the parties may conduct depositions of potential witnesses to reduce litigation costs. The final factor, ease of access to sources of proof, is neutral. It appears likely that sources of proof related to liability are located primarily in Oregon, and that sources of proof related to damages are located primarily in Alaska. Thus, transfer of venue from Alaska to Oregon "would merely shift rather than eliminate the inconvenience."[13] Because the factors relating to the plaintiffs' choice of forum, parties' contacts with Alaska, and interests of justice weigh in favor of plaintiffs, the court will deny defendants' motion to transfer to venue to Oregon.

## IV. CONCLUSION

For the reasons set out above, defendants' motion at docket 20 to transfer venue is **DENIED**.

DATED at Anchorage, Alaska, this 17th day of November 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[13]*Decker Coal Co.*, 805 F.2d at 843.

-6-

Case 1:10-cv-00003-JWS   Document 44   Filed 11/17/10   Page 6 of 6